NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0215n.06

Case No. 16-5743

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Apr 12, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JOEL D. NASELROAD, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| DENNIS MABRY, ET AL | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |
| | ) | |

**BEFORE: BATCHELDER, STRANCH, and DONALD, Circuit Judges.**

**BERNICE BOUIE DONALD, Circuit Judge.** The Appellant is Joel D. Naselroad ("Naselroad") who asserts that several police officers in Clark County unlawfully entered the curtilage of his home during a "knock and talk" operation and used excessive force when they shot him in the chest. Subsequently, Naselroad was charged and found guilty of possession of marijuana and drug paraphernalia. Based on the events during the "knock and talk" operation, Naselroad filed a § 1983 lawsuit against four law-enforcement officers, in both their individual and official capacities, and also asserted claims against their law-enforcement-entity and/or elected-official employers (collectively, the "Defendants"). Defendants moved for summary judgment, and finding no genuine issue of material fact, the district court granted the motion. Naselroad appealed. Because the record before this court is unclear as to whether the instant

lawsuit relates to Naselroad's subsequent arrest, thus potentially creating a *Heck v. Humphrey*, 512 U.S. 477 (1994) issue, we **REVERSE** the district court's order and REMAND the case.

I.

On October 8, 2013, Detective Mark Craycraft ("Craycraft"), a detective with the Clark County Sheriff's Department, received a tip from Naselroad's neighbor that there was a marijuana grow on his property. Craycraft contacted Paris Police Officer Robert Puckett ("Puckett") and Trooper Dennis Mabry ("Mabry") and asked them to accompany him to the Naselroad residence to conduct a "knock and talk" procedure in an effort to obtain consent to search the premises. Craycraft also contacted Captain Howard and asked that Captain Howard send a uniformed deputy in a marked cruiser to the Wal-Mart to meet with Craycraft, Puckett, and Mabry. Per this request, Deputy Sheriff John Justin Gurley ("Gurley") met Craycraft, Puckett, and Mabry at the Wal-Mart in Winchester, Kentucky.

After meeting in the Wal-Mart parking lot, the four officers went to Naselroad's residence. Of the four, only Gurley was in uniform. Once they arrived, Craycraft and Gurley approached a double glass door that was adjacent to the driveway of the residence. Craycraft and Gurley knocked on the door, which was answered by Jeannie Naselroad, Plaintiff's mother, and identified themselves as law enforcement officers. Craycraft introduced himself and Gurley to Jeannie Naselroad and explained that they were there to investigate the possibility of marijuana being grown somewhere behind the house. Jeannie Naselroad responded that she did not think anybody would be growing marijuana on her property.

At some point, Naselroad walked outside his home through the rear entrance. Naselroad contends that when he left his home, he did not see anyone drive up to his home or hear a knock

on the door, did not see his mother speaking to any police officers at the front door, and did not walk behind her when she was opening the door.

Craycraft testified that upon seeing Naselroad exit the home, he ran to the backyard where Naselroad was standing. Naselroad states that when he saw Craycraft with his weapon drawn, he pulled his .25 semi-automatic handgun and aimed the gun in Craycraft's direction. Hearing Craycraft yelling "gun," Mabry ran to the backyard where Naselroad heard Mabry identify himself as a police officer and order Naselroad to drop his weapon. Naselroad alleges that at this point he began to lower his weapon but Mabry shot him once with a handgun, the bullet striking him in the chest and exiting his back. Naselroad suffered spinal and nerve damage and incurred over $325,000 in medical bills. Naselroad was later convicted of possession of marijuana and drug paraphernalia. The instant § 1983 lawsuit followed.

## II.

The court notes that, while neither party raised the issue, Naselroad's § 1983 lawsuit might be barred under *Heck v. Humphrey,* 512 U.S. 477 (1994). In *Heck,* the Supreme Court held that:

> [T]o recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck,* 512 U.S. at 486–87 (footnote omitted). If the doctrine applies here, to the extent that Naselroad is seeking monetary damages that would invalidate the underlying conviction, his suit is barred.

If, as the Defendants now contend, Naselroad's § 1983 claim "is premised on the alleged illegality of a search of his property that yielded marijuana and drug paraphernalia," and that

very marijuana and drug paraphernalia is the evidence that led to Naselroad's conviction, then challenging that search would undermine the legitimacy of his conviction.  Alternatively, if, as Naselroad contends, the arrest was based on a subsequent warrant, then the § 1983 claim is allowed.   It is unclear from the record before this court whether Naselroad's arrest and conviction was based on the alleged warrantless entry at issue in his § 1983 claim or a subsequent warrant.  The *Heck* doctrine has not been analyzed and the factual record before this court is incomplete.   A remand is therefore necessary for further factual developments and review as to *Heck's* applicability.

## III.

For the foregoing reasons, we **REVERSE** the district court's order and **REMAND** the case for further proceedings.